NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1421

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527515

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a judgment entered in the Superior Court affirming his final classification by the Sex Offender Registry Board (board) as a level two sex offender.  He claims that the board's decision is not supported by substantial evidence and was arbitrary and capricious because the hearing examiner engaged in a perfunctory, mechanical approach, rather than conduct a thorough analysis of the applicable statutory and regulatory factors.  Doe also argues that because, in his view, the board's case was weak, his liberty and privacy interests outweighed the need for Internet publication of his registry information.  We affirm.

Background.  We summarize Doe's predicate sexual offenses as follows.  In July 2018, the mother of Doe's daughter reported to the Department of Children and Families and the police that Doe had touched the daughter inappropriately when she was between seven and nine years old.  In a subsequent forensic interview, the daughter, who was then fourteen years old, recalled that Doe "touch[ed] her in [in]appropriate places," telling her that "[e]verything will be fine.  It's our little secret."  More specifically, the daughter remembered that Doe put his mouth on her vagina, and on another occasion, he penetrated her vagina with his fingers.  On August 28, 2018, Doe was charged with indecent assault and battery on a child under the age of fourteen.  Doe was extradited from Puerto Rico and pleaded guilty to the charged offense on March 4, 2020.  He was sentenced to a term of eighteen months in the house of correction, suspended with probation for three years.

Before Doe entered the change of plea described above, he sexually assaulted his niece.  On January 25, 2020, Doe, who had just arrived from Puerto Rico, visited his twenty-five year old niece at her home.  Doe brought two bottles of alcohol, the two became inebriated, and, as the niece later told the police, Doe became violent.  Doe slapped her with an open hand while penetrating her mouth and vagina with his penis, and he choked her until she couldn't breathe, also while penetrating her with

2

his penis.  Doe initially was charged with rape, strangulation, and indecent assault and battery on a person aged fourteen years or older.  Ultimately, on February 7, 2022, Doe pleaded guilty to one count of indecent assault and battery and was sentenced to a three-year term of probation.[1]

On April 7, 2022, the board notified Doe that it recommended that he register as a level three sex offender.  Doe requested a hearing, which was held on September 30, 2022.  Thereafter, after considering all applicable statutory and regulatory factors, the hearing examiner concluded that Doe presented as a moderate risk offender and classified him as a level two sex offender.  The hearing examiner further concluded that Internet publication of Doe's registry information would serve an important public safety interest.  Doe then appealed to the Superior Court where, as noted, a judge affirmed the board's classification.

Discussion.  "We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391).  Our review of the board's decision is limited, and we will not disturb the board's classification

---

[1] Doe also has a history of drug and alcohol abuse and a minor nonsexual criminal history consisting of one charge of assault and battery, which was dismissed, and property crimes such as uttering a false check and larceny.

3

unless "we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011). In reviewing the board's decision, "[w]e give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe No. 523391, supra at 88.

Doe argues that the board's decision was arbitrary and capricious because the hearing examiner's analysis was so perfunctory he "could have just as easily found Doe a level 1 (low risk) or level 3 (high risk) offender." Before addressing the merits of this argument, we first consider the board's assertion that Doe waived his claim that the classification decision was based on a mechanical checklist of factors because he failed to make this argument in his appeal to the Superior Court. The board is correct that Doe did not previously advance this precise argument. Consequently, we agree that the argument is waived. See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 57-58 (2010). That said, although waived, we have reviewed the record to determine whether the hearing examiner engaged in a qualitative and objective analysis that balanced all the relevant risk factors,

4

and whether the classification is fully supported by the evidence.

First, the hearing examiner evaluated the various risk factors that applied in this case. He found that Doe's sexual assaults of his niece, which occurred while he was being investigated for committing sexual offenses against his daughter, supported the application of two high-risk factors with increased weight: factor 2 (repetitive and compulsive behavior) and factor 3 (adult offender and child victim). The hearing examiner also found that Doe's sexual assaults of his niece supported the application of two risk-elevating factors: factor 8 (weapons, violence, or infliction of bodily injury) and factor 19 (level of physical contact). In addition, the hearing examiner considered the personal trauma that Doe's daughter and niece suffered as a result of Doe's sexual assaults, see factor 38 (victim impact statement). The hearing examiner then applied factor 18 (extravulnerable victim) because the daughter was under the age of eight when Doe began to sexually abuse her. He further concluded that Doe's sexual assaults against a prepubescent child and an adult woman supported the application of factors 21 (diverse victim type) and 22 (number of victims). Doe's assaults against his niece while he was on bail for another offense justified the application of factor 13 (noncompliance with community supervision) with increased

weight; and Doe's history of substance abuse, and the fact he was consuming alcohol when he sexually assaulted his niece, warranted the application of factor 9 (alcohol and substance abuse).  Lastly, Doe's prior nonsexual criminal history, while not significant, supported application of factor 10 (contact with the criminal justice system) and factor 11 (violence unrelated to sexual assaults), with minimal aggravating weight.

The hearing examiner then applied several risk-mitigating factors.  He determined that factor 28 (supervision by probation or parole) applied with only moderate weight.  The hearing examiner explained that although Doe was complying with his conditions of probation at the time of the hearing, it was appropriate to give this factor moderate weight because Doe sexually assaulted his niece while the charge involving his daughter was pending.  The hearing examiner also applied factor 30 (advanced age) and gave it minimal weight because while Doe was forty years old at the time of the hearing, the risk of recidivism for offenders of child victims begins to decline substantially when the offender reaches sixty years of age.  The hearing examiner applied factor 32 (sex offender treatment) with moderate weight because Doe's treatment progress was slow. Although Doe participated in sex offender treatment with some success, he had not completed treatment at the time of his hearing.

The evidence fully supported application of all these risk factors. Furthermore, where warranted, the hearing examiner explained the factual basis for the application of each factor. In sum, contrary to Doe's assertions, his sex offenses, when considered together with his substance abuse and nonsexual criminal history, albeit minor, established that Doe poses a moderate risk to reoffend and a moderate danger to the public, and as a result, was properly classified as a level two sex offender.

We further conclude that the hearing examiner engaged in the required analysis in determining that Internet publication of Doe's registry information serves a public interest. Contrary to Doe's assertion, the fact that Doe is related to both victims does not obviate the need for public dissemination. Doe's claim that he is an "incest offender" and therefore poses no risk to the public ignores the deviant nature of his crimes against his daughter and the violent nature of his crimes against his niece. We agree with the board that Doe's multiple sexual assaults against his daughter proved that he was more likely to have a deviant sexual interest, and that his violent rapes of his adult niece were "indicative of his sexual arousal to violence or an antisocial orientation," which further elevated his risk and danger. Given these circumstances, the hearing examiner properly determined that Internet publication

7

of Doe's sex offender registration information serves a public safety interest of, among other things, permitting women and caretakers of children to avoid Doe's location given their knowledge of the nature of his crimes.

Judgment affirmed.

By the Court (Vuono, Singh & Hershfang, JJ.[2]),

Clerk

Entered:  March 14, 2025.

---

[2] The panelists are listed in order of seniority.